Good morning, your honors. My name is Terry Wood and I represent Mr. Garrison. Mr. Garrison has challenged his conviction under 18.922g for felon in possession of a firearm. The underlying felonies in his case were crimes committed in the state of Oregon and his assertion is that those crimes were not punishable by a statutory maximum exceeding a term of one year. His case does not raise a Blakely claim and is distinguished by its distinction from Murillo because of that and because of the fact that Murillo is How is it distinguishable from Murillo? Your honor, the basic premise of the felon in possession statute goes back to the definition in 18.921a.20 which says that the court must make the determination of whether an underlying felony qualifies based on the law of the jurisdiction where the conviction occurred. Mr. Murillo's convictions were convictions in the state of Washington and therefore Washington law had to be the law looked to by the court to govern it. In addition, Mr. Murillo never claimed that he was not governed by this indeterminate statutory maximum penalty in Washington. What we've set forth in the brief is that in Oregon, the law in Oregon has been since the time the guidelines were enacted that the old indeterminate statutory maximums did not govern crimes committed after the effective date of the guidelines. And in fact, the reason what happened was in 1992, the Court of Appeals in Little, an Oregon Court of Appeals case, there the trial court had followed the Oregon sentencing guidelines, imposed an upward departure of 200% and that had exceeded the indeterminate statutory maximum for under 161.605. And the Court of Appeals had said that old indeterminate maximum doesn't apply anymore. This is a determinate sentence under the guidelines and the guidelines control the statutory maximum sentence. In response to Little, the legislature came back and amended the guidelines. And what they did was they said, no, we're going to say that the old statutory maximum is going to put the ceiling. So even though the 200% rule for upward departures under the guidelines could allow a higher sentence, we're going to say no, that we're going to restrict the guidelines. So in other words, they actually re-inserted the indeterminate statutory max not to raise the ceiling for maximum departures under the guidelines, but to impose a restriction for sentences under the guidelines. Mr. Garrison's case, though, is a case where he could not have been subjected to an upward departure under Oregon law at the time the Court accepted his change of plea. And that's because of the statute, 153.407, cited in the brief, which says that when the parties stipulate to the presumptive sentence and the Court accepts that stipulation at the time of the change of plea, the Court must impose the change of plea. And that's because of the statute, 153.407, which says that when the parties stipulated presumptive sentence, his presumptive sentence was a probationary sentence with a term of incarceration far less than that. And even if, Your Honors, even if the Court thinks that it should not look to that particular statute, 135.407, which under Oregon law precludes an upward departure, not just for Mr. Garrison, but for any defendant who offers a plea that's accepted by the Court under that statute. So you're saying that the Court was bound by the stipulation. It had to apply that sentence. Correct. By statute, by the statutory law in Oregon and as that statute's been interpreted by the Oregon courts. What is the statute, the Oregon statute, that you're referring to that requires conformity with the stipulation? It is ORS 135.407, and it is contained in the appendix in my initial brief. And that's the case there's a statutory cap. Well, what I was going to say is even if the Court, yeah, even if, assume that that didn't apply. In Mr. Garrison's case, or any defendant with the same crime classification in criminal history, the maximum upward departure, if the Court said, no, I'm not going to impose probation, I'm going to impose what's called a dispositional departure, the maximum sentence would still be 12 months incarceration for him. And the Court can see that. I'm raising an argument to give the Court that information. It's reflected on the Oregon Sentencing Guidelines grid, which is on page 3 of the appendix in my initial opening brief. And it would show that for a crime category 4C, that the maximum departure on a what's called a dispositional departure, in other words, not probation, we're going to give you prison instead of probation in terms of a departure, the maximum would be 12 months, still less than a year. Again, I don't say that that controls for Mr. Garrison's case, because he pled pursuant to another part of Oregon statutory law that said the Court has no authority to upward depart. Your Honor, I don't think that Murillo is really inconsistent with the Tenth Circuit's decisions under the Kansas Sentencing Guidelines, where they've said, like in Norris, that you don't look to just the presumptive guideline sentence. You look at what the maximum departure sentence is, and if that sentence exceeds a year, then the crime is a proper predicate under 922G. And again, in Murillo, the defendant admitted that the statutory maximum penalty for his offense was five years of imprisonment. It doesn't really discuss the maximum upward departure under the Washington Guidelines. My presumption is that, in fact, it would have been more. Simply because it would have been less, he probably would say what I've just told you, that even if, even in the worst-case scenario for Mr. Garrison, he could not have been sentenced. And I keep saying Mr. Garrison, and I know the government will come back and say, aha, she's focusing on this particular case. But any defendant with a Category 4 offense, and those, the category of the offense, unlike the Federal Guidelines, the category of the offense is set at the time of the plea. It's part of the charging document. It's not a determination made after a defendant pleads guilty, and then the court looks at various facts, and probation looks at various facts, and the parties argue about it. It's actually the category of the offense from 1 to 11 is set by statute, and when crimes such as drug crimes, which have various subcategories, they increase in seriousness based on specific facts. Those facts are elements of the statutory offense, and they have to be alleged in the indictment, proven beyond a reasonable doubt, or admitted by the defendant. That has always been the law in Oregon with the crime categories. Okay. Why don't you save the balance of your time, and we'll see what the government has to say. Good morning. I'm Frank Fagnan, the prosecutor in this case, and the argument Ms. Wood has made to this court today has been made repeatedly in the past and rejected. Murillo is the case, most recent case. The United States Supreme Court recently denied cert. I think my brief sets forth pretty simply what we have here. We have, according to Taylor and Rios Beltran, what you do is you look at the elements of the offense. The elements of this offense that Mr. Garrison was convicted of, he had two crimes. One was a C felony. It says so in the indictment that I've attached to my extractive record, and you look to what a C felony is under Oregon law, and that's the five-year maximum term of imprisonment. The punishable, that's the language in the federal statute, says the punishable amount. And this argument was presented in the Murillo case. Although Ms. Wood attempts to distinguish Murillo, she tries hard to do so. The language is very strong, saying that we look to the statute and not the sentencing guidelines. That's what Murillo says, and the Supreme Court's denied cert. And I think that the tact that is used in the defense brief is to say this is a very simple approach, and because it's simple, it somehow is the wrong approach to take. Washington didn't have the comparable status for its guidelines that Oregon does. Yeah. In fact, it's interesting if you read Murillo because they mention Oregon. After talking about the facts of their particular case, the issue presented that is described by Judge Thompson says, starts off, the issue is whether his convictions were crimes punishable by a term exceeding one year. And then describing the Washington statute, they go on to talk about Rios-Beltran, and Ms. Wood has tried to distinguish that case, too. And it says on page 1154 of the Murillo decision, in the United States v. Rios-Beltran we held for purposes of the federal sentencing enhancement that a defendant's prior Oregon state conviction was of an aggravated felony or a crime, quote, punishable by more than one year's imprisonment under the applicable state or federal law because the maximum statutory sentence was a term of five years, even though under the Oregon sentencing guidelines, the defendant's actual maximum possible term of imprisonment was 90 days. Mr. Garrison's case on the stolen car, I think it was 18 months, and on the drug trafficking, I think it was 24 months probation. It goes on to say, we stated the actual sentence imposed for an individual for a prior conviction or the actual sentence that potentially could have been imposed based upon the particular facts that person's case is not the relevant inquiry, which is what Ms. Wood is having you do today if you go down that path. We looked at the maximum penalty allowed by law in determining whether a prior conviction constitutes, in the Murillo case and in the Rios-Beltran case, an aggravated felony under state law for purposes of the applicable sentencing guideline that's cited. The Moreno-Hernandez case is also discussed in the Murillo decision. But where it ends up, where Judge Thompson comes down for this court, his opinion that I repeat for the third time the Supreme Court has denied cert recently on, it says for the foregoing reasons we hold the maximum sentence that makes a prior conviction under state law a predicate offense under 18 U.S.C. 922 G1 remains, after Blakely, the potential maximum sentence defined by the applicable state criminal statute, not the maximum sentence which could have been imposed against the particular defendant for his commission of that crime according to the state's sentencing guidelines. You know, there are throughout the defendant's brief saying that the government has incorrectly or is trying to mislead you, judges, saying that this is the wrong way to look at Oregon law. But I'm just the prosecutor. If you look at the transcript in this case, Judge Hogan has ruled twice that the argument I'm making to you is a valid one. But he's not alone. District Court Judge King and Mosman likewise in the cases that Judge Hogan cites in the transcript has ruled the same way. So if I'd be wrong, I'd be in good company. Well, we're often in good company when we're wrong, so. Well, I won't disagree. We have some function here, I mean. So I can as I put in my brief, you judges have a choice to make today, but I think the choice has been made previously. The initial issue is do you start down the statute. We understand that we're bound by our own precedent, so the choice has been made. We understand that. I'm sorry, Judge Fischer. Are there any other questions? I know you're on a short docket and I've got five minutes to go, but if that's the issue, that's my argument. Just the reference to the Oregon law, Rios, Beltrana, that's the same law that's still at issue in Oregon now. In other words, there hasn't been any change. The guidelines haven't assumed a different status. That's the one thing that troubles me, is if the guidelines have been effectively converted to the equivalent of the statute and that it is categorically impossible for a defendant charged with a particular crime, not particularly to the defendant, but to the charge and to the conviction, if there is absolutely no way that that defendant could be in prison for more than a year, then why is it not within the ambit of the sense of Murillo and the other cases? The argument, since defendant's counsel assumed what I would argue, I will tell you what I would assume she would argue, and that's DILTS 2. She cites it as the Oregon Supreme Court case. Rios-Beltran relied on DILTS 1, which was later changed. So Oregon Supreme Court has said the guidelines are what we look to to determine a defendant's maximum sentence. That's true. That part of her brief is absolutely accurate. But that's not what the federal law says that we look at. We don't look at what an individual's presumptive sentencing guideline range is going to be. We don't look at what an individual's stipulated sentence could be. What the federal rule says in a 921-20A20 is that is the maximum punishment more than one year. So, for example, if you look at the statute, because that's what Judge Hogan tried to say by applying Taylor. Taylor gives us the guidance that we look to the elements of the offense, and I think we talked about this yesterday, Judge Fischer, categorical approach or modified categorical approach. I'm familiar with that. Yes, we all are. And so it's very clear Taylor says we look at those elements, and that is one of the reasons why Judge Hogan in his opinion in this case said that's the approach to take. So, yes, DILTS 2 can say what an individual defendant's sentence is going to be, and Ms. Wood repeatedly said Mr. Garrison's case, Mr. Garrison's case, but that's not what we look to when we see if the crime was punishable by a term of imprisonment exceeding one year. We look to what the statute says, and that's been the government's response in the beginning. If you go down the statutory road, the government's correct in this case. If you go down the sentencing guideline road, the government's incorrect and the defendant's correct. But that's already been decided by this Court previously, ultimately with Murillo. Any further questions? Thank you. Just briefly, Your Honors, I cited in my brief the Robles-Rodriguez case, and I think that's most pertinent to addressing some of the concerns the Court has. In that case, the Court looked at the Arizona law, which had determined that repeat nonviolent drug offenders would be sentenced to probation, notwithstanding the fact that if you didn't fall into that category of criminal history, you'd be facing a term exceeding one year. And the Court made a very careful analysis and said, we look to what Arizona law has set as the maximum statutory penalty in making this determination. And the problem with the government's urging this Court to adopt a meaningless and outdated indeterminate maximum penalty, which is set by these are the 5, 10, and 20-year caps, they're just as outdated and meaningless for crimes committed and governed by the sentencing guidelines as was the issue in Robles-Rodriguez. And I've argued in my brief the reasons why the Taylor categorical approach should not be applied by the Court in addressing this issue. Thank you. All right, Counsel, we appreciate the argument, and the case argued is submitted.
judges: Goodwin, Fisher, Smith